IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DWAYNE A. RANSOM,            )
                             )
       Plaintiff,            )
                             )
                             )    CIV-15-828-F
v.                           )
                             )
TIM DOYLE, et al.,           )
                             )
       Defendants.           )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

In his Second Amended Complaint[1] filed September 17, 2015, Plaintiff names five Defendants: Tim Doyle, "Officer" Fitzwater, "Officer" Burkes, Jason Priest, and the Enid Police Department. Plaintiff alleges that during an arrest of Plaintiff on an unspecified date he was "forceably [sic] thrown down face first" and "physically assulted [sic]/ beaten by, at least, four officers" resulting in "disfigurement and scarring of my face, shoulder, back and

---

[1] Plaintiff filed an initial Complaint on July 29, 2015 (Doc. # 1) and, at his request, an Amended Complaint on August 28, 2015 (Doc.# 12). However, Plaintiff's Second Amended Complaint filed September 17, 2015, supercedes his previous pleadings.

1

leg." Amended Complaint (Doc. # 15), at 2. In Count I, Plaintiff alleges that the "police brutality" and excessive force used "by these individuals," which are assumed to be Defendants Doyle, Fitzwater, Burkes, and Priest, while effectuating his arrest violated his Eighth Amendment rights. Id. at 3. Plaintiff also alleges that "Enid Police Department should be held accountable for their abuse of power, excessive force and possible racial bias." Amended Complaint, at 5. Thus, it appears that Plaintiff is alleging an excessive force claim against Defendant Enid Police Department as well as against the individual Defendants.

In Count II, Plaintiff alleges his Fourth Amendment rights were violated by Defendant Enid Police Department because his "property (phones, debit card, watch and wallet), it was booked in property of Garfield County Detention Center and also booked in property of Enid Police Department," but he has been unable to obtain the return of his personal property. Id.

In Count III, Plaintiff alleges that his Eighth Amendment rights were violated by Defendant Priest when "Officer Jason Priest (after I had been booked into Garfield Co. Detention Center) came to my cell smiling, wanting to take additional photos of myself and my injuries. His intentions, I believe, were to humiliate." Id. at 4.

Defendant Doyle has moved to dismiss the action against him under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. Defendant Enid Police Department has moved to dismiss the claim against it in Count II on the basis that Defendant is not a suable

entity under 42 U.S.C. § 1983 and Oklahoma law.[2]

Defendants Burkes, Fitzwater, and Priest have moved to dismiss the action against them under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has responded in opposition to Defendants' motions in a singular responsive pleading. Plaintiff's Objections to Defendants' Motions to Dismiss (Response) (Doc. # 47).

I. Service of Process

Defendant Doyle has moved to dismiss Plaintiff's action against him on the ground that Plaintiff has failed to properly serve him with process and the time given Plaintiff to serve the Defendants with process has expired. Plaintiff responds that "to [his] knowledge the Defendants have been properly served with process" and therefore Defendant Doyle's Motion to Dismiss for Failure to Serve should be denied.

Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Before a court can exercise personal jurisdiction over a defendant, the plaintiff must have served the defendant with process as provided by Rule 4 of the Federal Rules of Civil Procedure. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969)("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

---

[2] Defendant Enid Police Department has also filed a Special Report (Doc. # 46) consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

3

Rule 4(e) prescribes the appropriate methods for serving process on individuals located in the United States. It provides that an individual must be served by:

> (1) following state law for serving a summons . . . in the state where the district court is located or service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Oklahoma law, personal service upon an individual may be made by leaving the summons at the person's dwelling house or usual place of abode, or by delivery to an agent authorized by appointment or by law to receive service. Okla. Stat. tit. 12, §2004(C)(1)(c)(1). But Oklahoma law does not require a plaintiff to strictly comply with the Oklahoma statutory scheme for service to be deemed effective. See Graff v. Kelly, 814 P.2d 489, 495 (Okla.1991). Rather, "substantial compliance" is sufficient. See id. ("We conclude and so hold that the Oklahoma Pleading Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant.").

Additionally, Oklahoma law provides that if service cannot be accomplished by personal delivery or by mail, delivery of process on an individual may be effected "as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Okla. Stat. tit. 12, §2004(C)(6). Thus, Oklahoma law gives courts discretion to fashion a method of service appropriate to particular circumstances so long as the method of service is "'reasonably

4

calculated to give [a defendant] actual notice of the proceedings and an opportunity to be heard.'" See Graff, 814 P.2d at 495 (quoting Okla. Stat. tit. 12, § 2004, Committee Comment).

As provided in 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), and because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court, acting through the United States Marshals Service ("USMS"), has the obligation to diligently attempt to effect service of process upon the named Defendants and to timely file a return indicating whether or not such service has been effected.

Plaintiff is not relieved of compliance with Rule 4's service requirements merely because he is an inmate proceeding *pro se*. DeCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993)(finding "[a] pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."). See also Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(recognizing that Tenth Circuit Court of Appeals "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants")(quotation omitted).

As previously stated, Plaintiff is incarcerated and is proceeding *pro se* and IFP. In accordance with the method employed by this Court to effect service under these particular circumstances, the undersigned directed the USMS to serve Defendants at the address provided by Plaintiff. The Plaintiff provided information on summons forms, presumably the only information he could reasonably obtain given his incarceration, that would allow the USMS to serve Defendants directly at the facility where they work.

The return filed for Defendant Doyle reflects that a USMS deputy marshal attempted

to serve Defendant Doyle at the Enid Police Department in Enid, Oklahoma, but was not able to accomplish service upon Defendant Doyle because he was no longer employed at the Enid Police Department and was attending an "FBI Academy" in another state. Process Receipt and Return (Doc. # 28). There is no indication on the return that the deputy marshal inquired as to a current address for Defendant Doyle.

Defendant Doyle has received actual notice of the lawsuit filed by Plaintiff, as evidenced by the entry of appearance and motion to dismiss filed by his attorney in this action. Defendant does not claim, nor does the Court find, any prejudice to him should Plaintiff be allowed additional time to properly effectuate service.

The equitable factors in this case, including Plaintiff's *pro se* and IFP status, Defendant Doyle's notice of the action, and the absence of showing of prejudice, weigh in favor of granting Plaintiff an extension of time in which to properly serve the summons and Amended Complaint on Defendant Doyle.

Therefore, the Court should deny Defendant Doyle's Motion to Dismiss the action. Plaintiff was previously granted an extension of time to effect service of process upon Defendants, and this extended time period for serving Defendants has expired. Nevertheless, Plaintiff has shown good cause for the defective service as to Defendant Doyle. See Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010)("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. . . . [A]s long as the court-appointed agent can locate the prison guard defendant with reasonable effort, prisoner-litigants who

provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes."). Consequently, the Court should grant Plaintiff a second extension of time in which to effect proper service upon Defendant Doyle. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)("If good cause is shown, the plaintiff is entitled to a mandatory extension of time.").

An additional consideration is the difficulty that a litigant, and especially an incarcerated litigant, faces in serving law enforcement officers (or, in this case, a former law enforcement officer) at their home addresses. Law enforcement officers are naturally reluctant to publish their home addresses due to security risks, and Defendant Doyle can no longer be served at his previous employer's address. With this in mind, Defendant Doyle is directed to select one of two alternatives. First, Defendant Doyle may submit to the Court, ex parte and under seal, his home address. The Court will then provide the address to the Court Clerk, who will issue alias summons and provide the new summons and a copy of the Second Amended Complaint, along with a copy of this Report and Recommendation, directly to the USMS for service upon Defendant Doyle at his new address. See, e.g., Combs v. Lehman, 2009 WL 497124, at *2 (W.D.Wash. Feb.24, 2009)(unpublished op.)(requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees to the Court for effecting service of process).

Alternatively, counsel for Defendant Doyle may, with their client's permission, agree to accept service on Defendant Doyle's behalf. See, e.g., Serrano v. Figueroa–Sancha, 878 F.Supp.2d 301, 315 (D.P.R.2012) (ordering representatives of police department to accept

service of process or produce home addresses of defendant police officers). Defendant Doyle must either submit his home address or notify the Court that his counsel has agreed to accept service within 20 days of the date of this Report and Recommendation.

II. Suable Entity

In Counts I and II of the Second Amended Complaint, Plaintiff seeks damages against Defendant Enid Police Department for alleged constitutional violations. In its Motion to Dismiss, Defendant Enid Police Department ("EPD") argues that it is not a suable entity for the purpose of 42 U.S.C. § 1983 and therefore it should be dismissed as a Defendant in this action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not addressed Defendant EPD's motion in his responsive pleading, other than to generally assert that all of the Defendants' motions should be denied.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570).

Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). The plaintiff's allegations must "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against Defendant EPD]." Robbins, 519 F.3d at 1247.

In this circuit, the law is clearly established that a police department, like Defendant EPD, is not a suable entity under 42 U.S.C. § 1983. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(municipal police department "is not a separate suable entity"), vacated on other grounds by Tyus v. Martinez, 475 U.S. 1138 (1986); Hinton v. Dennis, 362 Fed. App'x 904, 907 (10th Cir. 2010)(unpublished op.)("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."); Ketchum v. Albuquerque Police Dep't, 1992 WL 51481, *2 (10th Cir. 1992)(unpublished op.)(recognizing police departments are not suable entities under section 1983 because they lack legal identities apart from municipality).

Accordingly, Defendant EPD's Motion to Dismiss should be granted, and the claims asserted in Counts I and II of the Second Amended Complaint against Defendant EPD should be dismissed with prejudice.

III. Failure to State a Claim

Defendants Priest, Fitzwater, and Burkes have moved to dismiss Plaintiff's claim

9

against them in Count I pursuant to Rule 12(b)(6) on the ground that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has generally responded that Defendants' motions should be denied because he has alleged sufficient facts to support his constitutional claims.

In Count I of the Second Amended Complaint, Plaintiff has alleged that Defendants Priest, Fitzwater, Burkes, and Doyle used excessive force during his arrest. Plaintiff alleges that during his arrest he was "forceably [sic] thrown down face first, slamming it" and "physically assulted [sic]/beaten by at least four officers" resulting in "disfigurement and scarring of my face, shoulder, back and leg." Second Amended Complaint (Doc. # 15), at 3. He alleges specifically that "[w]hen I was detained and arrested, my face, arm, and leg had skin torn off of them. This was due to there [sic] excessive tactics. I was frightened and did not resist." Id., at 1.

"Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment," but it is the Fourth Amendment, and its protections against "unreasonable searches and seizures," which "pertains to the events leading up to and including an arrest of a citizen previously at liberty . . . ." Porro v. Barnes, 624 F.3d 1322, 1325 (10th Cir. 2010). See Graham v. Connor, 490 U.S. 386, 395 (1989)("[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard.").

The Eighth Amendment's protections do not arise until after an individual is convicted

of a crime. See Hudson v. McMillian, 503 U.S. 1 (1992)(analyzing Eighth Amendment claim of inmate assaulted by prison guards); Whitley v. Albers, 475 U.S. 312 (1986)(analyzing Eighth Amendment claim of inmate shot by prison guard); Porro, 624 F.3d at 1326 (holding "prisoners already convicted of a crime who claim that their *punishments* involve excessive force must proceed under the . . . Eighth Amendment's 'cruel and unusual punishments' clause"). Thus, Plaintiff's claim that Defendant EPD officers used excessive force in effectuating his arrest are governed by the Fourth, not the Eighth Amendment, and his claim in Count I of the Second Amended Complaint should be liberally construed to assert violations of the Fourth Amendment. See Koch v. Del City, 660 F.3d 1228, 1246 (10th Cir. 2011); Cortez v. McCauley, 478 F.3d 1108, 1125 (10th Cir 2007); see also Graham, 490 U.S. at 395.

To prevail on an excessive force claim, a plaintiff must prove "that the officers used greater force than would have been reasonably necessary to effect a lawful arrest." Cortez, 478 F.3d at 1127; see also Romero v. Story, 672 F.3d 880, 890 (10th Cir. 2012). "[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Graham, 490 U.S. at 396–97 (internal citations and quotations omitted).

"Because the test of reasonableness under the Fourth Amendment is not capable of

precise definition or mechanical application ... its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396 (internal citations and quotations omitted); see Cortez, 478 F.3d at 1125.

At this early stage of the litigation, and presuming the truth of Plaintiff's allegations in the Second Amended Complaint, Plaintiff has alleged sufficient facts to state a plausible claim of a constitutional deprivation in Count I. Therefore, Defendants Priest, Fitzwater, and Burkes' Motions to Dismiss the claim against them in Count I of the Second Amended Complaint under Rule 12(b)(6) should be denied.

IV. Claim of Verbal Abuse

Plaintiff' alleges in Count III of the Second Amended Complaint that Defendant Priest went to Plaintiff's cell in the Garfield County Detention Center *after* Plaintiff had been arrested and asked if he could take a photo of Plaintiff. Plaintiff alleges that this conduct violated his Eighth Amendment rights because Defendant Priest acted with the intent to humiliate Plaintiff. Defendant Priest has moved to dismiss this claim under Rule 12(b)(6) on the ground that Plaintiff has failed to state a claim upon which relief may be granted. In response to Defendant Priest's Motion to Dismiss, Plaintiff has generally alleged that he has alleged sufficient facts to support his claims.

Allegations of harassment and verbal threats do not violate the Eighth Amendment. See Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); see also Alvarez v.

12

Gonzales, 155 Fed. App'x 393, 396 (10th Cir. 2005) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death' "). Plaintiff has alleged nothing more in Count III than that Defendant Priest acted to harass him when he asked to take a photograph of Plaintiff at the jail. This allegation does not allege a constitutional deprivation. Accordingly, Defendant Priest's Motion to Dismiss Plaintiff's claim in Count III of the Second Amended Complaint should be granted, and Count III of the Second Amended Complaint should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) Defendant Doyle's Motion to Dismiss for Failure to Serve (Doc. # 41) be DENIED and that Plaintiff be granted a second extension of time to serve Defendant Doyle as provided herein; (2) Defendant Enid Police Department's Motion to Dismiss (Doc. # 40) Plaintiff's claims against it in Count I and Count II of the Amended Complaint be GRANTED and that Defendant Enid Police Department be DISMISSED from the action with prejudice; (3) Defendant Burkes' Motion to Dismiss (Doc. # 42), Defendant Fitzwater's Motion to Dismiss (Doc. # 43), and Defendant Priest's Motion to Dismiss (Doc. # 44) Plaintiff's claims against them in Count I of the Amended Complaint be DENIED; (4) Defendant Priest's Motion to Dismiss (Doc. # 44) Plaintiff's claim against him in Count III of the Amended Complaint be GRANTED and that Defendant Priest be DISMISSED with prejudice as to this claim.

Plaintiff is advised of the right to file an objection to this Report and Recommendation

with the Clerk of this Court by <u>     May 18th     </u>, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>   28th   </u> day of <u>   April   </u>, 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE