IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DWAYNE RANSOM,            )
                          )
        Plaintiff,        )
                          )
                          )   No. CIV-15-828-F
v.                        )
                          )
TIM DOYLE, et al.,        )
                          )
        Defendants.       )

SUPPLEMENTAL REPORT AND RECOMMENDATION

On July 29, 2015, Plaintiff, a state prisoner appearing *pro se* and *in forma pampers*, filed his Complaint in this civil rights action pursuant to 42 U.S.C. § 1983. At that time, Plaintiff was a pretrial detainee confined in the Garfield County Detention Center. Plaintiff has since been transferred to the custody of the Oklahoma Department of Corrections and he is incarcerated at the William S. Key Correctional Center in Fort Supply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In Count I of his Second Amended Complaint filed September 17, 2015 (Doc. # 15), Plaintiff seeks compensatory damages from Defendants Doyle, Fitzwater, Burkes, and Priest for the alleged unconstitutional use of excessive force during his arrest.[1] Before the Court

---

[1] Plaintiff's additional grounds for relief alleged in counts II and III of the Second Amended Complaint against Defendants Enid Police Department and Priest have previously been dismissed.

1

is the Motion for Summary Judgment ("Motion") filed by Defendants Doyle, Fitzwater, Burkes, and Priest pursuant to Fed. R. Civ. P. 56 (Doc. # 60).

Although Plaintiff was advised of his opportunity to respond to the Motion and given twenty (20) days to file his response (Doc. # 61), that time period has expired, and Plaintiff has not filed a response to Defendants' Motion or sought an extension of time to do so. For the following reasons, it is recommended that Defendants' Motion for Summary Judgment be granted.

I. Standard of Review - Motion for Summary Judgment

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Richly v. Hoards, __ U.S. __, 132 S.C. 2088, 2093 (2012)(citing Ashcroft v. al-Kidded, 563 U.S. 731, 735 (2011)). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." Martinez v. Begs, 563 F.3d 1082, 1088 (10th Cir. 2009). The district and appellate courts have discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). "Qualified immunity . . . is available only in suits against officials sued in their personal capacities, not in suits against governmental entities or officials sued in their official capacities." Starker ex rel. A.B. v. Boulder City. Social Serve., 569 F.3d 1244, 1263 n. 4 (10th Cir. 2009).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Morris v. Noe, 672 F.3d 1185, 1196 (10th Cir. 2012)(quotation omitted).

3

II. Plaintiff's Remaining Claim

In Plaintiff's Second Amended Complaint (Doc. # 15), Plaintiff alleges that "[d]uring my arrest, I was forceably [sic] thrown down face first, slamming it [and] physically assulted [sic]/beaten by at least four officers. This assult [sic] resulted in disfigurement and scarring of my face, shoulder, back and leg." He alleges in Count I that the officers' actions constituted "police brutality that is possibly racially motivated" and that the officers' use of excessive force violated his Eighth Amendment rights. Plaintiff seeks $250,000.00 in damages.

III. Material and Undisputed Facts

Because Plaintiff has not responded to Defendants' Motion, the Statement of Undisputed Facts set forth in Defendants' Motion is uncontroverted. As set forth in Defendants' Motion, the following material facts are undisputed for the purpose of resolving Defendants' Motion:

1. At approximately 3:45 a.m. on Thursday, June 18, 2015, Plaintiff was driving a 2001 Gold Saturn and was exiting the parking lot of the Ramada Inn in Enid, Oklahoma.

2. As the Ramada Inn had been burglarized recently, and because Plaintiff stopped his vehicle suddenly upon seeing the patrol car, Enid Police Officer Timothy Doyle paid close attention to Plaintiff and his vehicle when he was exiting the parking lot.

3. Plaintiff drove away from the hotel, and Officer Doyle observed Plaintiff drive east for several blocks. Officer Doyle traveled east as well and observed Plaintiff turn into a residential area. Officer Doyle waited to see if Plaintiff's vehicle drove through and exited

4

the residential area.

4. Plaintiff drove through the residential area and turned east on Oklahoma Avenue. Officer Doyle pulled behind Plaintiff's vehicle and observed that the driver's side mirror was detached from the vehicle, hanging down, and obviously broken.

5. Officer Doyle signaled to the vehicle to pull over.

6. At some point, Plaintiff pulled his vehicle into the parking lot of an apartment complex on Randolph. Officer Doyle requested other Enid police officers to respond for backup.

7. Officer Doyle ordered Plaintiff to get out of the car, and Plaintiff complied. Officer Doyle and the other officers took Plaintiff to the ground and into custody for various law violations.

8. Plaintiff was charged in Garfield County District Court with the offenses of (1) eluding a police officer, (2) resisting arrest, (3) possession of a controlled dangerous substance (marijuana), and (4) driving with a revoked license.

9. Plaintiff entered a plea of nolo contendere to all four charges and was sentenced to one year in the county jail for the misdemeanor offenses of eluding a police officer, resisting arrest, and driving with a revoked license. For the felony possession offense, Plaintiff was sentenced to an eight year term of imprisonment.

IV. Personal Participation

Defendants contend that they are entitled to summary judgment on alternative grounds. First, Defendants contend that Plaintiff has not alleged the requisite personal participation of any named Defendant in the alleged constitutional violation. In Plaintiff's Complaint, he asserts that "four officers" participated in the alleged use of excessive force

5

during his arrest.

In support of their Motion, Defendants rely on the allegations in Plaintiff's Complaint, Plaintiff's responses during a deposition conducted by Defendants, and the affidavit of Defendant Priest included in the Special Report. Defendants argue that Plaintiff did not allege the requisite personal participation in his Amended Complaint, that his deposition responses did not adequately explain who participated in the alleged use of excessive force, and that "Defendant Priest was not even at the scene of Plaintiff's arrest" based on the averments in Defendant Priest's affidavit included in the Special Report filed herein (Doc. # 46, Ex. 10). Defendants' Motion, at 9.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).

Regardless of any deficiencies in Plaintiff's pleadings or deposition responses, the criminal Information filed against Plaintiff in the District Court of Garfield County, Case No. CF-2015-354, a copy of which is attached to Defendants' Motion, shows that Defendants Doyle, Fitzwater, and Burkes participated in and were present at the time of Plaintiff's arrest

on June 18, 2015. Defendants' Motion (Doc. # 60), Ex. 3. A Reporting Officer's Narrative, a copy of which is also attached to Defendants' Motion (Doc. # 60), Ex. 1, completed by Defendant Doyle also reflects that Defendants Doyle, Fitzwater, and Burkes participated in and were present at the time of Plaintiff's arrest on June 18, 2015.

It is pertinent to remind Defendants that they are seeking summary judgment under Rule 56, and they have not moved to dismiss the action under Fed. R. Civ. P. 12(b)(6). With respect to Plaintiff's cause of action against Defendants Doyle, Fitzwater, and Burkes, there is uncontroverted evidence showing that Defendants Doyle, Fitzwater, and Burkes participated in the arrest of Plaintiff. Plaintiff's general allegation in the Second Amended Complaint that the officers who arrested him, which indisputably included Defendants Doyle, Fitzwater, and Burkes, used excessive force during the arrest is sufficient to allege these Defendants' personal participation in the alleged constitutional violation.

Whether or not Defendants Doyle, Fitzwater, and Burkes are entitled to summary judgment and/or qualified immunity with respect to Plaintiff's claim of unconstitutional use of excessive force during the arrest is a separate issue that will be addressed below. Defendants Doyle, Fitzwater, and Burkes' Motion for Summary Judgment with respect to the issue of personal participation should be denied.

Defendant Priest avers in his affidavit included with the Special Report (Doc. # 46, Ex. 10), that he did not participate in Plaintiff's arrest but provided only "traffic control" in the area of the arrest. In response to Defendants' Motion, Plaintiff has not provided evidence creating a triable issue as to Defendant Priest's personal participation in the alleged

7

unconstitutional use of excessive force during Plaintiff's June 2015 arrest. Plaintiff alleges in his Complaint only that Defendant "Priest came to my cell smiling [and] asking if he could take additional pictures of myself and my injuries" and that Defendant Priest did so to "insult" the Plaintiff. Plaintiff's claim based on this allegation, which is repeated in the third ground for relief alleged in the Complaint, was previously dismissed by the Court.

Therefore, Defendant Priest's Motion for Summary Judgment with respect to Plaintiff's claim against him in Count I of the Complaint, should be granted due to Plaintiff's failure to establish the requisite personal participation of Defendant Priest.

V. Excessive Force

In their Motion for Summary Judgment, Defendants Doyle, Fitzwater, and Burkes assert that there is no triable issue with regard to Plaintiff's claim in Count I of alleged unconstitutional use of excessive force and that Defendants Doyle, Fitzwater, and Burkes are entitled to summary judgment based on qualified immunity.

"Excessive force claims are governed by the Fourth Amendment's 'objective reasonableness' standard." Cavanaugh v. Woods Cross City, 625 F.3d 661, 664 (10th Cir. 2010). Under this standard, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). There are three factors recognized in Graham as relevant to the determination whether the use of force in a particular case was reasonable: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether

he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." Id.

The uncontroverted evidence in this case reflects that Plaintiff was arrested on June 18, 2015, by Defendants Doyle, Fitzwater, and Burkes, acting in their capacities as police officers for the City of Enid, Oklahoma, on multiple criminal charges, one of which involved a felony drug possession charge. Plaintiff pled nolo contendere to charges that he had actively attempted to elude being arrested by the Defendants and that he actively resisted the arrest. In the uncontroverted incident report of the arrest completed by Defendants Burkes and Doyle, the officers state that after Officer Burkes began following Plaintiff and activated his overhead lights Plaintiff continued driving for several blocks, that Plaintiff ran two stop signs during this pursuit, that Officer Burkes turned on a spotlight and ascertained that one individual was in Plaintiff's vehicle, that Officer Burkes also employed a public address system to advise Plaintiff several times to stop his vehicle, and that "[o]nce the vehicle ran the stop signs it was apparent that he was attempting to elude in violation of" Oklahoma law. Motion (Doc. # 60), Ex. 1.

Under these uncontroverted facts, the officers who participated in the arrest were justified in using some force in arresting Plaintiff. It is undisputed that after Plaintiff exited

9

his vehicle the officers physically took Plaintiff to the ground in order to effectuate the arrest. Two of the three Graham factors therefore weigh in favor of Defendants.

Plaintiff alleged disfigurement and scarring in his Complaint. During his deposition, Plaintiff stated that the officers who participated in his arrest put their knees on his back, legs, and head, and that he had "skin off," or abrasions, on his face, shoulders, and knees resulting in some permanent scarring. Defendants contend that they are entitled to summary judgment because Plaintiff alleged only "permanent scarring" but no "serious injury" as a result of the arrest. Defendants' Motion, at 19. Defendants rely on the Tenth Circuit Court of Appeals decision in Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007). But that decision dealt with an arrest involving the issue of excessive force in connection with handcuffing of the Plaintiff. As the Tenth Circuit recently recognized, the Cortez " opinion dealt only with Rick Cortez's narrow claim that he was handcuffed too tightly. And this court's post-Cortez cases reflect the view that the holding in Cortez is limited to handcuffing cases." United States v. Rodella, 804 F.3d 1317, 1327 (10th Cir. 2015), pet. for cert. filed (No. 15-1158), 84 U.S.L.W. 3546 (Mar 14, 2016).

Defendants were certainly justified in using some force to effect Plaintiff's arrest, given the undisputed fact that he was actively resisting arrest. Plaintiff's allegation that he was assaulted and beaten are inconsistent with his allegations that he suffered only some abrasions and scarring as a result of the arrest. In his deposition, Plaintiff testified that the officers bent his arms, forced his arms up "higher than what they needed to be" behind his back, and placed their knees on his back and legs. Defendants' Motion (Doc. # 60), Ex. 2,

10

at 8, 11 (deposition transcript page number 143, 150). Under these circumstances, the uncontroverted manner in which the officers effected the arrest, by forcibly taking Plaintiff to the ground and holding him there while handcuffs were applied to his wrists, was not unreasonable, even though during the arrest Plaintiff suffered some abrasions that resulted in scarring.

Plaintiff has failed to demonstrate that Defendants Doyle, Fitzwater, and Burkes violated a clearly established constitutional right during Plaintiff's arrest. Accordingly, Defendants Doyle, Fitzwater, and Burkes are entitled to summary judgment on the basis of qualified immunity with respect to Plaintiff's claim in Count I of the Complaint of alleged use of excessive force.[2]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Priest's Motion for Summary Judgment be GRANTED based on Plaintiff's failure to establish the requisite personal participation and that Defendants Doyle, Fitzwater, and Burkes' Motion for Summary Judgment be GRANTED on the basis of qualified immunity and that judgment issue in favor or Defendants and against the Plaintiff. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     October   26th    , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and

---

[2]The undersigned declines to review the merits of Defendants' remaining issues presented in their Motion for Summary Judgment.

Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __6th__ day of __October__, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE